**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **TRANSPORT WORKERS UNION** ) | |
| **OF AMERICA, AFL-CIO,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **v.** ) | **Civil No._____** |
| ) | |
| **AMERICAN AIRLINES GROUP** ) | |
| ) | |
| **DEFENDANT.** ) | |

## COMPLAINT

The Transport Workers Union of America, AFL-CIO ("TWU" or "Union"), brings this action against American Airlines Group ("American" or "Company"), for declaratory, injunctive, and other equitable relief under Section 2 Seventh of the Railway Labor Act ("RLA"), 45 U.S.C. § 152 Seventh, because American has unilaterally changed and abrogated a collective bargaining agreement between the Union and the Company covering Fleet Service Clerks employed by American.

### PARTIES

1. The TWU is the exclusive collective bargaining representative for various crafts or classes of employees of American, including Fleet Service employees, under Section 1 Sixth of the Railway Labor Act ("RLA"), 45 U.S.C. §151 Sixth.

2. American is a "common carrier by air" under the RLA, 45 U.S.C. §181.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction to hear TWU's complaint pursuant to 28 U.S.C. §§ 1331 and 1337 because it arises under the RLA, an act of Congress regulating interstate commerce; and because TWU seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) and (c) because American maintains a station where Fleet Service workers are employed within this District, and actions that are at issue in the current dispute arose in this District.

## STATEMENT OF THE CLAIM

5.     TWU and American are parties to a collective bargaining agreement ("CBA") that governs the rates of pay, rules and working conditions of American employees in the craft and class of Fleet Service employees.  Fleet Service employees perform various functions for American related to transportation of cargo, baggage and freight, including the work of loading, unloading, transfer, tracking and transportation of cargo, baggage and freight, as well cleaning and servicing of aircraft cabins.

6.     While certain aviation employees are required by federal law or federal Department of Transportation regulations to submit to random or regular drug tests, no federal law or regulation requires Fleet Service employees to submit to drug tests.

7.     Article 29 of the CBA provides for drug tests of Fleet Service employees in situations when there is "reasonable cause" for doing so, or after an accident.

8.     The Company's drug and alcohol testing policy provides for drug testing of Fleet Service employees when the Company has reasonable cause to believe that an employee is in

violation of Company Rules 25, 26 and 33, and after an accident.

9.    Company Rules 25, 26 and 33 prohibit employees from reporting for or carrying on work while intoxicated or showing signs of intoxication; possessing intoxicants while on company premises or in company uniform; or from possessing, manufacturing, distributing, dispensing or using any narcotic, barbiturate, mood-affecting, tranquilizing or hallucinogenic substance (other than in accordance with medical authorization) which affects or could affect judgment, performance, or safety while on the job or on Company property.

10.    Article 29 of the CBA provides that a Fleet Service employee who is required to take a "reasonable cause or post-accident" drug test is entitled to have a Union representative present during certain portions of the specimen collection process.

11.    The Company's drug and alcohol testing policy establishes certain procedures to be followed for drug testing, and recognizes the right of union-represented employees subjected to drug testing to representation by a union officer.

12.    Under the CBA, and the Company's drug and alcohol testing policy, for employees like Fleet Service employees who are not subject to federally required drug and alcohol testing, the only recognized basis for drug testing are when there is "reasonable cause" to believe there has been a violation of Company Rules 25, 26 or 33, or after an accident.

13.    Despite the CBA and American's drug and alcohol testing policy, American has begun requiring drug tests of Fleet Service employees in circumstances other than reasonable cause or post-accident situations.

14.    American has begun requiring drug tests of Fleet Service employees in connection with a contract between the Company and the United States Postal Service ("USPS"

3

or "Postal Service") in the absence of either "reasonable cause" under American's drug and alcohol testing policy and the CBA, or an accident.

15. American has told TWU officers that it is requiring drug tests for Fleet Service employees because it is demanded by the USPS, and by laws relied on by the USPS in asserting that employees of USPS contractors be drug tested.

16. TWU has asked American to identify any law or regulation on which the Company relies in asserting that drug testing of Fleet Service employees is required by law.

17. In response to TWU's request that American identify any law or regulation on which the Company relies in asserting that drug testing of Fleet Service employees is required by law, American has cited only USPS forms and booklets that cite statutory provisions that authorize the USPS to ask for drug tests and other information from USPS contractors and contractor employees, and USPS documents for contractors that inform contractors that the USPS requires that contractor employees be drug tested.

18. No federal or state law or regulation requires that airline Fleet Service employees who handle mail be drug tested.

19. Although American has cited the USPS demands for drug testing of employees who handle mail as justification for drug testing Fleet Service employees, American has been drug testing Fleet Service employees who are not involved in handling mail.

20. On November 2, 2018, TWU wrote to American asserting that: the Company has no basis in law for drug testing Fleet Service employees; American's drug testing of Fleet Service employees has no basis in either the CBA or the Company's drug and alcohol testing policy; drug testing of Fleet Service employees generally constituted a unilateral change of the

CBA; and drug testing of Fleet Service employees without compliance with Article 29 of the CBA or American's own drug testing policies and procedures constituted a unilateral change of the CBA.

## CAUSE OF ACTION: VIOLATION OF THE RAILWAY LABOR ACT

21.     TWU incorporates by reference, as if fully set forth herein, each and every allegation of paragraphs 1 through 20.

22.     Section 2, Seventh of the RLA, 45 U.S.C. §152, Seventh, provides: "No carrier, its officers, or agents shall change the rates of pay, rules, or working conditions of its employees, as a class, as embodied in agreements except in the manner prescribed in such agreements or in section 156 of this title."

23.     Section 6 of the RLA, 45 U.S.C. § 156, provides:

Carriers and representatives of the employees shall give at least thirty days' written notice of an intended change in the agreements affecting rates of pay, rules, or working conditions, and the time and place for the beginning of conference between the representatives of the parties interested in such intended changes shall be agreed upon within ten days after the receipt of said notice, and said time shall be within the thirty days provided in the notice.  In every case where such notice of intended change has been given, or conferences are being held with reference thereto, or the services of the Mediation Board have been requested by either party, or said Board has proffered its services, rates of pay, rules, or working conditions shall not be altered by the carrier until the controversy has been finally acted upon, as required by section 155 of this title, by the Mediation Board, unless a period of ten days has elapsed after termination of conferences without request for or proffer of the services of the Mediation Board.

24.     By drug testing its Fleet Service employees in the absence of cause or an accident, American has effectively rejected, abrogated, and changed the CBA not "in the manner prescribed in such agreement or in section 156 of" the RLA, and therefore in violation of Section 2, Seventh of the RLA.

5

25.     By drug testing its Fleet Service employees without compliance with Article 29 of the CBA or American's own drug testing policies and procedures, American has effectively rejected, abrogated, and changed the CBA not "in the manner prescribed in such agreement[] or in section 156 of" the RLA, and therefore in violation of Section 2, Seventh of the RLA.

## REQUEST FOR RELIEF

WHEREFORE, TWU respectfully requests that the Court:

A.     DECLARE that by drug testing its Fleet Service employees in the absence of cause or an accident, American has violated RLA Section 2, Seventh and will continue to violate Section 2 Seventh so long as it continues to do so;

B.     DECLARE that by drug testing its Fleet Service employees without compliance with Article 29 of the CBA or American's own drug testing policies and procedures, American has violated RLA Section 2, Seventh and will continue to violate Section 2 Seventh so long as it continues to do so;

C.     ENJOIN American from drug testing Fleet Service employees; and from drug testing of Fleet Service employees without compliance with Article 29 of the CBA or American's own drug testing policies and procedures:

D.     GRANT TWU reasonable attorneys' fees and the costs of this action;

E.     GRANT TWU all other relief that the Court deems just and proper.

Respectfully submitted,

/s/ Terrance B. McGann_____
Attorney for Plaintiff


Terrance B. McGann (6199967)
Karen M. Rioux (6279378)
David Whitfield (6304284)
McGann, Ketterman & Rioux
111 E. Wacker Dr., Suite 2600
Chicago, IL  60601
(312) 251-9700 Fax (312) 251-9701
tmcgann@mkrlaborlaw.com
krioux@mkrlaborlaw.com
dwhitfield@mkrlaborlaw.com

**ATTORNEYS FOR PLAINTIFF**